# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR419-106 |
| | ) | |
| FAUSTO MENDEZ RAMOS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's retained counsel, William J. Sussman, has written a letter to the undersigned's courtroom deputy clerk requesting permission[1] to "have [discovery material provided by the Government] translated and that [counsel] be allowed to send a copy to [his] client in jail."

This Court communicates with the parties before it by motion. *See* Fed. R. Crim. P. 47(a) ("A party applying to the court for an order must do so by motion"). As this Court has repeatedly stated elsewhere, those who seek judicial action must file a motion, not send a letter to a judge's

---

[1] It is not the Court's role to regulate the details of Mr. Sussman's representation of his client. Defendant is not indigent, and thus not seeking public funds for such translation. Assuming, without deciding, that counsel can disclose the discovery materials to a translator, *see infra*, whether and how to do so is a matter for his discretion.

chambers or staff. Letters can get lost, while motions get filed and thus create a public record in this, a court of record. *See In re Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073 (S.D. Ga. 2000). And when motions get placed on the Court's "pending motions" list, they get considered, while letters can be overlooked or forgotten.

In addition to the administrative difficulties, letters also fail to ensure notice to an opposing party. Given the Government's clear interest in maintaining some limitation[2] on the dissemination of potentially sensitive discovery materials, such notice—and the opportunity for response it invites—is particularly important. The Court, therefore, declines to construe counsel's letter as a motion. If counsel wishes the Court to opine on any question related his proposal, he must file a motion requesting one. In the absence of such a motion, there is no action for the Court to take on this matter. Accordingly, to

---

[2] As a member of this Court's Bar, counsel is no doubt familiar with his obligation, under Local Criminal Rule 53.1, "not to release or authorize the release of information or opinion which a reasonable person would expect to be disseminated by any means of public communication, in connection with pending or imminent criminal litigation with which a lawyer or law firm is associated, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the administration of justice." Counsel is, in the first instance, best placed to determine whether dissemination to a translator, and subsequent dissemination of the translated material to an incarcerated defendant, complies with that obligation.

the extent that the letter seeks judicial action, it is **DISMISSED as moot**.

**SO ORDERED**, this 13th day of August, 2019.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA